JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEATRIZ PAZ and ABIGAIL POLO,

                Plaintiff,

-vs.-

WEST 44TH STREET RESTAURANT LLC
d/b/a KELLARI TAVERNA, DIMITRIOS
HARONITIS, JESSICA JACKSON and
STAVROS AKTIPIS,

                Defendants.
------------------------------------------------------------X

Case No. 14 CV 1566

**COMPLAINT**

RECEIVED MAR 07 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs BEATRIZ PAZ and ABIGAIL POLO, by and through their attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

## ***THE PARTIES***

1. Plaintiff BEATRIZ PAZ, (hereinafter "Paz") is an individual residing in Clifton Park, New Jersey.

2. Plaintiff ABIGAIL POLO, (hereinafter "Polo") is an individual residing in Clifton Park, New Jersey.

3. Upon information and belief, Defendant WEST 44TH STREET RESTAURANT LLC d/b/a KELLARI TAVERNA (hereinafter "Kellari") was and is a

domestic corporation whose principal place of business is located at 19 West 44th Street, New York, NY 10036.

4. Upon information and belief, Defendant DIMITRIOS HARONITIS, (hereinafter "Haronitis") is an individual, whose actual place of business is located at 19 West 44th Street, New York, NY 10036.

5. Upon information and belief, at all times herein pertinent, Defendant Haronitis served as a principal, officer and/or manager of Defendants Kellari.

6. Upon information and belief, Defendant JESSICA JACKSON, (hereinafter "Jackson") is an individual, whose actual place of business is located at 19 West 44th Street, New York, NY 10036.

7. Upon information and belief, at all times herein pertinent, Defendant Jackson served as a principal, officer and/or manager of Defendants Kellari.

8. Upon information and belief, Defendant STAVROS AKTIPIS, (hereinafter "Aktipis") is an individual, whose actual place of business is located at 19 West 44th Street, New York, NY 10036.

9. Upon information and belief, at all times herein pertinent, Defendant Aktipis served as a principal, officer and/or manager of Defendants Kellari.

10. Upon information and belief, for the calendar year 2011 the gross receipts of Kellari were not less than $500,000.00.

11. Upon information and belief, for the calendar year 2012 the gross receipts of Kellari were not less than $500,000.00.

12. Upon information and belief, for the calendar year 2013 the gross receipts of Kellari were not less than $500,000.00.

13. Upon information and belief, for the calendar year 2014 the gross receipts of Kellari will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

14. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

15. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

16. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

17. At all times herein pertinent, and in the course of his duties, Plaintiffs regularly handled products which had been moved in commerce.

18. Kellari operates as a restaurant.

19. Plaintiff Paz was employed by the Defendants from on or about January 1, 2011 and worked up and until January 18, 2014.

20. Plaintiff Paz was assigned various duties including but not limited to cleaning and restocking bathrooms, sorting dishes for the dishwasher, arranging small plates for table presentation, and deliveries.

21. Plaintiff Paz usually worked five to six days a week, from 12 PM until 10 PM sometimes until 11 PM.

22. Plaintiff Paz was paid $7.25 per work hour for her first month of employment, then her rate decreased to $5.00 per work hour and where her pay rate remained until her termination.

23. Plaintiff Polo was employed by the Defendants from on or about June 1, 2012 until her first termination on or about October 31, 2012. Polo was rehired on or about January 1, 2013 and worked until her second termination on or about August 30, 2013.

24. Plaintiff Polo was assigned various duties including but not limited to sorting dishes for the dishwasher, food prep, coffee server, restocking alcohol for the bar and deliveries.

25. Plaintiff Polo usually worked five to six days a week, from 12 PM until 10 PM sometimes until 11 PM.

26. Plaintiff Polo was paid $5.00 per work hour throughout both periods she was employed by the Defendants.

27. The Defendants Haronitis, Jackson, and Aktipis, controlled the terms of Plaintiffs' employment in that they would tell them what tasks to complete and on what time frame they needed to be completed.

28. The Defendant Haronitis had the power to hire employees, and hired Plaintiff Paz on or about January 1, 2011 and Plaintiff Polo on or about June 1, 2012.

29. The Defendant Haronitis had the power to terminate employees, and terminated Plaintiff Polo.

30. The Defendant Jackson had the power to terminate employees, and terminated Plaintiff Paz.

31. Upon information and belief, the Defendants Haronitis, Jackson, and Aktipis controlled the work schedule of all of the employees of Kellari, including the schedule of the Plaintiffs.

32. Upon information and belief, the Defendants Haronitis, Jackson, and Aktipis controlled the rate and method of payment of each of the employees of Kellari, along with the Plaintiffs pay rates and method of pay.

33. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times their regular rate of pay for those hours. Plaintiffs were also never compensated an additional hour's pay at the prevailing State minimum wage for their spread of hours.

34. At all times herein pertinent, the Plaintiffs performed their duties for Defendants Kellari at the direction and under the control of Defendants Haronitis, Jackson, and Aktipis.

35. Upon information and belief, and at all times herein pertinent, Defendants Haronitis, Jackson, and Aktipis exercised close control over the managerial operations of Kellari including the policies and practices concerning employees.

6

36. At all times herein pertinent, Defendants Haronitis, Jackson, and Aktipis controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Kellari in general, and with respect to the Plaintiffs in particular.

37. At all times herein pertinent, Defendants Haronitis, Jackson, and Aktipis acted as Plaintiffs employers within the meaning of the FLSA and the New York State Labor Law.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

38. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

39. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

40. The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiff the applicable minimum wage.

## AS AND FOR A SECOND CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

41. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

42. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

43. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

## AS AND FOR A THIRD CAUSE OF ACTION
## STATE MINIMUM WAGE ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (MINIMUM WAGE)

44. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45. The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay Plaintiffs the applicable minimum wage.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

46. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

47. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

48. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiffs, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

**WHEREFORE**, Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

(a) awarding back pay for minimum wages due and owing to the Plaintiffs;

(b) awarding back pay for overtime pay due and owing to the Plaintiffs;

(c) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiffs;

(d) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(f) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
March 4, 2014

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AC0822)
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
Our File No.: 52759

To:

WEST 44TH STREET RESTAURANT LLC
d/b/a KELLARI TAVERNA
19 West 44th Street
New York, NY 10036

DIMITRIOS HARONITIS
19 West 44th Street
New York, NY 10036

JESSICA JACKSON
19 West 44th Street
New York, NY 10036

STAVROS AKTIPIS
19 West 44th Street
New York, NY 10036

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BEATRIZ PAZ and ABIGAIL POLO,                    Case No.

                       Plaintiff,

     -vs.-

WEST 44TH STREET RESTAURANT LLC
d/b/a KELLARI TAVERNA, DIMITRIOS
HARONITIS, JESSICA JACKSON and
STAVROS AKTIPIS,

                      Defendants.
-------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52759